## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**KELLY MANN, #82723**                                                              **PLAINTIFF**

**v.**                              **CAUSE NO. 1:20-cv-267-LG-RPM**

**PHIL BRYANT, et al.**                                                    **DEFENDANTS**

### ORDER OF PARTIAL DISMISSAL

**BEFORE THE COURT** is pro se Plaintiff Kelly Mann's Complaint pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate of the Mississippi Department of Corrections ("MDOC"), presently incarcerated at the South Mississippi Correctional Institution in Leakesville, Mississippi. Plaintiff is proceeding *in forma pauperis*. (*See* Order, ECF No. 13)

After Plaintiff submitted his Complaint on § 1983 forms [8, 9] and his Motion to Amend was granted, *see* Order [23], the Court entered an Order [24] directing Plaintiff to provide specific information regarding his claims and each Defendant. Plaintiff filed his Response [25], clarifying that many of the individuals listed on the docket as defendants are in fact witnesses and not defendants. Additionally, Plaintiff clarified the dates associated with particular claims. After liberal review of Plaintiff's filings, the Court finds as follows.

**I. Background**

Plaintiff is serving a term of life imprisonment for capital murder and a 40-year term of imprisonment for armed robbery entered on August 9, 1993. (Resp., 3, ECF No. 25) Plaintiff asserts 12 claims regarding the conditions of his confinement

and the legality of his incarceration. In summary, the Court identifies Plaintiff's claims as follows: **Claim 1** – overcrowding, COVID exposure and lack of social distancing (Resp. 5, 8, ECF No. 8); **Claim 2** – extortion regarding commissary prices and policies (*id*. at 5); **Claim 3** – overcharged for phone services (*id*.); **Claim 4** – using tainted urine samples to place him in behavior modification program (*id*. at 6); **Claim 5** – cover-up of the conditions including black mold, contaminated water, lead paint, mercury leaks and radiation (*id*. at 6-7); **Claim 6** – illegal classification system (*id*. at 7); **Claim 7** - denial of legal access (*id*.); **Claim 8** – failure to provide him with safe drinking water (Attach., 2, ECF No. 9); **Claim 9** – conspiracy to resentence him by taking 20-years of earned time (*id*. at 2-3); **Claim 10** – unlawful conviction (*id*. at 3-4); **Claim 11** – unconstitutional parole set-off of one-year on November 30, 2020 (*id*. at 4-5); and **Claim 12** – unlawful prosecution (*id*. at 5). As relief, Plaintiff seeks monetary damages.

Plaintiff designates the following individuals as witnesses and not defendants: Phil Bryant, Tate Reeves, Burl Cain, Regina Blount, Alicia Box, Anthony Beasley, Timothy Barnes, Kim Reed, Pratmus Henson, Freda Dodd, Unknown Johnson (identified as Brenda Johnson), and Billy Sparkman, Jr. (*See* Resp., ECF No. 25) Plaintiff also states that Jimmy Callahan and Mark Duncan "aren't defendants." (*Id*. at 2)

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis,* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal

2

-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Plaintiff Mann is proceeding *in forma pauperis*, therefore his Complaint is subject to the case-screening procedures set forth in 28 U.S.C. § 1915(e)(2).

After completing this initial case-screening, the Court finds that Claims 4, 6, 9, 10, and 12 as well as parts of Claim 2 and Claim 5 are dismissed as frivolous or for failure to state a claim. Plaintiff will be allowed to proceed with his remaining claims, Claims 1, 3, 7, 8, 11 and parts of Claim 2 and Claim 5, at this early juncture in the proceedings.

## II. Discussion

To have a viable claim under 42 U.S.C. § 1983, a plaintiff "must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Military Dep't of the State of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010). Since Plaintiff is proceeding pro se, his pleadings are liberally construed. *See Hernandez v. Thaler*, 630 F.3d 420, 426-27 (5th Cir. 2011) (citations omitted)(noting the filings of a pro se litigant "are entitled to the benefit of liberal construction").

### A. <u>Statute of Limitations</u>

"A district court 'may raise the defense of limitations *sua sponte* . . . [and] [d]ismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations.'" *Stanley v. Foster*, 464

3

F.3d 565, 568 (5th Cir. 2006) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)).  A complaint barred by the statute of limitations is properly dismissed as legally frivolous under § 1915.  *See Bates v. Price,* 368 F. App'x 594, 595 (5th Cir. 2010);  *Gartrell v. Gaylor*, 981 F. 2d 254, 256 (5th Cir. 1993).

Since there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period.  *See Owens v. Okure*, 488 U.S. 235, 240 (1989); *see also Mitchell v. Crescent River Port Pilots Ass'n*, 265 F. App'x 363, 367 (5th Cir. 2008) (citations omitted) (state's personal injury limitation period applies to claims under § 1983).  The applicable Mississippi statute of limitations period is three years.  *See James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990) (holding Mississippi's three-year general personal injury limitations period applicable to § 1983 cases); *see also* Miss. Code Ann. § 15-1-49 (1972), as amended.

While Mississippi law governs the applicable limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  As such, an action accrues when a plaintiff has "a complete and present cause of action."  (*Id.*)  As noted by the Fifth Circuit:

> Under federal law, the [limitations] period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.  A plaintiff's awareness encompasses two elements: (1) the existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions.  A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim.

> Actual knowledge is not required if the circumstances would lead a reasonable person to investigate further.

*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotations and citations omitted); *see also Walker v. Epps,* 550 F.3d 407, 414 (5th Cir. 2008) (citing *Piotrowski, supra*).

In Claim 2, Plaintiff's allegations establish the requisite awareness and causation as to the alleged extortion (via high commissary prices) occurring between 2007 and 2015. (Resp., 1, ECF No. 25; Resp., 5, ECF No. 8) Thus, the parts of Claim 2 occurring between 2007 and 2015 are barred by the statute of limitations and will be dismissed as frivolous.[1]

In Claim 4, Plaintiff complains about a tainted urine sample and placement in a behavior modification program which Plaintiff confirms occurred on January 27, 2010. (Resp., 1, ECF No. 25; Resp., 6, ECF No. 8) From Plaintiff's allegations, it is clear that on January 27, 2010, Plaintiff was aware of this injury and the connection between this injury and the Defendants' alleged conduct. Plaintiff's allegations asserted as Claim 4 are time-barred and will be dismissed as frivolous.

In Claim 5, Plaintiff alleges a "cover-up" of the "true conditions" of his confinement which include black mold, contaminated water, lead paint, mercury

---

[1] One of the named defendants for Claim 2 is former MDOC Commissioner Pelicia Hall. Plaintiff states that he is unable to provide the dates of her involvement at this time. Therefore, Claim 2 against Hall will survive this initial screening level. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted)(reiterating that pro se pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers").

leaks and radiation. (Resp., 6-7, ECF No. 8) Plaintiff's allegations establish the requisite awareness and causation as to the alleged "cover-up" and conditions occurring between 2007 and 2015. (*Id.*; Resp., 1, ECF No. 25) As such, the parts of Claim 5 occurring between 2007 and 2015 are barred by the statute of limitations and will be dismissed as frivolous.[2]

In Claim 9, Plaintiff alleges there was a "conspiracy" between 2012 to 2016 to re-sentence him as evidenced by the loss of 20-years of "earned time" on January 6, 2015. (Resp., 2-3, ECF No. 9) From Plaintiff's allegations, it is clear that as early as January 6, 2015, and as late as the end of 2016, Plaintiff was aware of this injury and the connection between this injury and the Defendants' alleged conduct. (*Id.*; Resp., 2, ECF No. 25) Plaintiff's allegations asserted as Claim 9 are time-barred and will be dismissed as frivolous.

### B. Classification

In Claim 6, Plaintiff complains about the custodial classification system employed by MDOC during his incarceration. Plaintiff claims MDOC is using a "nullified federal point system" to assign an incorrect classification level to him which is "very stressful" and "cruel and unusual." (Resp., 7, ECF No. 8) For this

---

[2] The parts of Claim 5 that survive the initial screening level are the allegations against Defendants Horton, Mills, Roberts, Csaszar and Hartfield occurring from 2016 to the present time and against Defendant Hall occurring on unknown dates. This Order does not reach a determination on the timeliness of any remaining claims.

specific claim, Plaintiff seeks 17 million dollars in damages plus 51 million dollars in punitive damages. (*Id.*)

The classification of prisoners falls well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir. 1990) (citations omitted) ("Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order."). An inmate does not have a "constitutionally protected interest" in his "custodial classification." *Thomas v. Jordan*, No. 07-60071, 2008 WL 4649095, at *1 (5th Cir. Oct. 21, 2008) (citing *Neals v. Norwood*, 59 F. 3d 520, 533 (5th Cir. 1995)); *see also Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003)(finding a change in an inmate's classification is not an atypical or significant hardship warranting constitutional protection). Simply put, "an inmate has no right to a particular classification" in prison. *McCord*, 910 F.2d at 1251 (citations omitted).

MDOC's failure to assign Plaintiff to a specific custodial classification level or employ a particular system in reaching classification decisions does not violate Plaintiff's constitutional rights. Therefore, Plaintiff's classification claims, asserted as Claim 6, are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. *Heck v. Humphrey*, 512 U.S. 477 (1994)

Plaintiff is serving a term of life imprisonment for capital murder and a 40-year term of imprisonment for armed robbery. (Resp. 3, ECF No. 25) Plaintiff argues in Claim 10 that he is entitled to millions of dollars in damages because he is unlawfully convicted. Plaintiff claims his convictions are "fraud[s]" based on "false evidence and a conspiracy" that concealed "exculpatory, material evidence." (Attach., 3, ECF No. 9) In Claim 12, Plaintiff argues a state representative's failure to investigate the criminal acts of the prosecutors in his criminal case entitles him to 233 million dollars. (*Id.* at 5)

Plaintiff's claims of an unlawful conviction and prosecution are subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, where a claim for damages would "necessarily imply" the invalidity of a conviction or imprisonment, such a claim is not cognizable unless and until the plaintiff obtains a favorable resolution of a challenge to his conviction or imprisonment. (*Id.* at 487); *see also Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009) (noting that in addition to claims for damages, *Heck* applies to claims for declaratory relief and injunctive relief).

In Claim 10 and 12 of this § 1983 suit, Plaintiff is asking the Court to determine that his criminal convictions are unconstitutional and award him compensation for acts taken during his prosecution and for his unlawful incarceration. If the Court were to find in Plaintiff's favor it would necessarily

imply the invalidity of his current term of imprisonment. Plaintiff's unlawful conviction claims therefore are barred by *Heck* and will be "dismissed with prejudice . . . until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Plaintiff's *Heck* barred claims, Claims 10 and 12, are dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii). *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (finding *Heck*-barred claims fail to state a claim upon which relief may be granted); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (finding *Heck*-barred claims are "legally frivolous").[3]

### III. Conclusion

Plaintiff's claims identified as Claims 4, 6, 9, 10, and 12 fail to survive initial screening in their entirety as well as parts of Claims 2 and 5. As set forth above, these claims are dismissed as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i-ii). Plaintiff's remaining claims will proceed at this early juncture in the proceedings. It is therefore,

**IT IS THEREFORE ORDERED AND ADJUDGED** that the following individuals are named as witnesses and not defendants: Phil Bryant, Tate Reeves, Burl Cain, Regina Blount, Alicia Box, Anthony Beasley, Timothy Barnes, Kim Reed, Pratmus Henson, Freda Dodd, Unknown Johnson (identified as Brenda Johnson),

---

[3]*See Colvin v. LeBlanc,* No. 19-30888, 2021 WL 2562449, at *3 (5th Cir. 2021) (reiterating that *Heck* does not pose a jurisdictional bar, explaining, "[w]e have routinely characterized a *Heck* dismissal as one for failure to state a claim"); *Davis v. Whyce*, 763 F. App'x 348, 349 (5th Cir. 2019) (citing *Hamilton*, 74 F.3d at 102) (finding inmate's § 1983 "claims are frivolous as barred by *Heck v. Humphrey*").

and Billy Sparkman, Jr. (*See* Resp., ECF No. 25) The Clerk is directed to edit the docket accordingly.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff voluntarily dismisses Defendants Jimmy Callahan and Mark Duncan. (*Id.* at 2)

**IT IS FURTHER ORDERED AND ADJUDGED** that the following claims are barred by the statute of limitations and dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i): parts of Claim 2 (occurring between 2007-2015); all of Claim 4; parts of Claim 5 (occurring between 2007-2015); and all of Claim 9, which results in the dismissal of Defendants Jim Hood, Management & Training Corporation, Margaret Brown, Mark Longoria, Christopher Epps, Keefe Commissary, Unknown Jenkins, Unknown Sistrunk, Amanda Parrot and Camille Mann.[4]

**IT IS FURTHER ORDERED AND ADJUDGED** that Claim 6 is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), which results in the dismissal of Defendant Unknown Crawford.

**IT IS FURTHER ORDERED AND ADJUDGED** that Claim 10 and Claim 12 are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i-ii), which results in the dismissal of Defendants Edgar Word, Stephen Haynes, Willie Roy Jones, J. Kennedy Turner, and Kenneth Walker.

---

[4] As this case progresses it may become apparent that some of Plaintiff's remaining claims are also barred by the statute of limitations.

**IT IS FURTHER ORDERED AND ADJUDGED** that the following Defendants and claims remain at this early juncture in the proceedings:

(1) Pelicia Hall for her alleged involvement in Claim 2 and Claim 5 with unknown dates;

(2) Jewarski Mallette for his alleged involvement in Claim 11 occurring between 2015-2021, Mallette is listed as a witness to Claim 8;

(3) Betty Johnson for her alleged involvement in Claim 11 occurring between 2015-2021;

(4) Sam Waggoner for his alleged involvement in Claim 3 ending in January of 2019;

(5) Rayford Horton, for his alleged involvement in Claim 5 and Claim 8 occurring from 2016 to the present;

(6) Andrew Mills for his alleged involvement in Claim 1 occurring from 2017 to the present and Claims 5 and 8 occurring from 2016 to the present;

(7) Jennifer Roberts for her alleged involvement in Claim 1 occurring from 2020 to the present and Claim 5 occurring between 2016 to the present, Roberts is listed as a witness to Claim 8;

(8) Joshua Csaszar for his alleged involvement in Claim 1 occurring from 2017 to the present and Claims 5 and 8 occurring from 2016 to the present;

(9) Laura Tilley for her alleged involvement in Claim 7 occurring from 2016 to the present;

(10) Unknown Hartfield for his/her alleged involvement in Claim 1 from 2017 to the present and Claims 5 and 8 from 2016 to the present; and

(11) Additionally, Claim 11 occurring between 2015 and 2021 remains against members of the parole board: Steven Pickett; Betty Lou Jones; Nehemiah Flowers, Jr.; Anthony L. Smith; James R. Cooper; and parole board compliance officer Melanie Townsend.

A separate Order will enter addressing service of process for these remaining Defendants. Plaintiff should understand that allowing process to issue against the remaining Defendants does not reflect any opinion of this Court that the remaining claims will or will not be determined to be meritorious.

The Plaintiff is warned that if he fails to fully comply with any Order of this Court or if he fails to keep this Court advised of his current address, this case will be dismissed.

**SO ORDERED AND ADJUDGED** this the 17th day of September, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE