UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| KELLY MANN | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:20-CV-267-LG-RPM |
| PELICIA HALL et al | DEFENDANTS |

### REPORT AND RECOMMENDATION

Kelly Mann, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging a wide variety of claims for constitutional deprivations related to his confinement with the Mississippi Department of Corrections (MDOC).  Plaintiff currently is serving a 40-year sentence for murder and armed robbery.  Doc. [67] at 17.  Primarily, his claims relate to conditions of confinement at the South Mississippi Correctional Institution (SMCI), where he was incarcerated when he filed his complaint, as well as complaints about the handling of his parole status.  However, among his claims, he alleges he has been overcharged for phone services by Global Tel-Link.  He has sued Defendant Sam Waggoner, whom Plaintiff identifies as a former Global Tel-Link phone contractor.  To date, Mr. Waggoner has not been served with process.

The Court initially sent a request for waiver of service to the address of an attorney associated with Mr. Waggoner.  Doc. [29] [30].  The attorney responded that he did not represent Mr. Waggoner; nor did he know Mr. Waggoner's current address.  Doc. [33].  By order dated June 15, 2022, the Court directed Plaintiff to provide Mr. Waggoner's address to the Court to effectuate service of process.  Doc. [57].  Plaintiff provided two addresses: 154 Roosevelt Hudson Drive, Yazoo City, MS 39194; and Federal Medical Center, 3150 Horton Rd., Ft. Worth, TX 76119.  Doc. [58].  By order dated July 15, 2022, the Court directed service of process for

Defendant Waggoner at the addresses given by Plaintiff. Doc. [64]. Summons issued on July 15, 2022. On August 12, 2022, summons was returned unexecuted as to the Ft. Worth address, indicating that Waggoner was not at the address. Doc. [69]. To date, there has been no return filed for the Yazoo City address.

On September 29, 2022, the Court entered a show cause order directing Plaintiff to show cause in writing why his claims against Waggoner should not be dismissed without prejudice for failure to prosecute. Doc. [71]. On October 25, 2022, Plaintiff filed a response to the show cause order. Doc. [73]. Plaintiff described the difficulties he has experienced in researching and prosecuting his case; however, he did not provide an alternate address for serving Waggoner. Instead, he requested additional time. Over sixty days have elapsed since Plaintiff's response to the show cause order was filed; and yet, Plaintiff still has not provided an alternate address for service of process.

Rule 4(m) of the Federal Rules of Civil Procedure requires service of the summons and complaint on defendants within 90 days after the filing of the complaint. If a plaintiff fails to complete service of process on a defendant within 90 days, Rule 4(m) provides that

> the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m); *Copeland v. EMC Mortgage LLC*, No. 1:16CV159-HSO-JCG, 2016 WL 7634455, at *5 (S.D.Miss. Dec. 21, 2016). Although the Court is obligated, pursuant to Rule 4(c)(3), to issue and serve process for Plaintiff, he has failed to provide the Court with a valid address for service of process on Defendant Waggoner. The Court has issued process to three different addresses for Waggoner, but without obtaining good service. The Court has repeatedly warned Plaintiff that failure to serve Waggoner may result in the dismissal of Plaintiff's claims against

2

Waggoner.  *See* Doc. [57] at 1; Doc. [67] at 80-81; Doc. [71] at 2.  Plaintiff's complaint has been pending since August 18, 2020.  He has been provided abundant time and opportunity to provide the Court with an address to complete service of process on Waggoner.  Based on the foregoing, the undersigned recommends that Defendant Waggoner be dismissed without prejudice from the lawsuit based on Plaintiff's failure to obtain timely service of process.

In the alternative, the undersigned recommends that Plaintiff's claims against Defendant Waggoner be dismissed without prejudice as misjoined.  Plaintiff alleges that Waggoner was a contractor for Global Tel-Link and that Global Tel-Link overcharged MDOC inmates for the use of telephones.  As a result, Plaintiff lost contact with a lady friend who was putting money on his phone account and who wanted to marry him.  Doc. Doc. [67] at 56.  By contrast, Plaintiff's other claims are against MDOC employees and relate to conditions of confinement at SMCI.  For example, he alleges that the zones are overcrowded; the ventilation system does not work properly; and there are only five toilets to accommodate 100 inmates. He also alleges that he suffers adverse health consequences from exposure to black mold, radiation, cleaning chemicals and contaminated drinking water.

Pursuant to Rule 20(b), persons may be joined in one action as defendants if the claims arise out of the same transaction, occurrence, or series of transactions or occurrences; and if any question of law or fact common to all defendants will arise in the action.  A single inmate joining disparate claims against different defendants violates the limitations on joinder of unrelated claims under Rule 18 and Rule 20 of the Federal Rules of Civil Procedure.  The joinder of disparate claims also allows the Plaintiff in effect to circumvent the three-strikes provisions of 28 U.S.C. § 1915, because he avoids paying multiple filing fees and avoids the risk of obtaining multiple strikes.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Hilton v. Pickell*, 2016

WL 1165433, at *3 (E.D. Mich. Mar. 25, 2016); *Tuft v. Chaney*, 2006 WL 2247813, at *1 (S.D. Tex. Aug. 4, 2006); *see also Patton v. Jefferson Corr. Center*, 136 F.3d 458, 464 (5th Cir. 1998) (recognizing that § 1915 intended to prevent creative joinder of actions).  Plaintiff's claims against Waggoner do not arise out of the same transaction, occurrence, or series of transactions or occurrences as Plaintiff's claims against the MDOC Defendants.  Nor do the claims have any apparent common questions of fact or law.  As such, if Plaintiff wishes to pursue claims against Waggoner, he should file a separate lawsuit.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Plaintiff's claims against Defendant Sam Waggoner be dismissed without prejudice.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted

by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 17th day of January 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE

5