**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**KELLY MANN**                                                              **PLAINTIFF**

**v.**                                              **CAUSE NO. 1:20CV267-LG-RPM**

**PELICIA HALL, et al.**                                                **DEFENDANT**

<u>**ORDER ADOPTING IN PART REPORT AND
RECOMMENDATION AND DISMISSING PLAINTIFF'S
CLAIM AGAINST SAM WAGGONER/GLOBAL TEL-LINK**</u>

**BEFORE THE COURT** is the [83] Report and Recommendation entered by United States Magistrate Judge Robert P. Myers, Jr.  Judge Myers recommends that the Court dismiss Plaintiff Kelly Mann's claims against Sam Waggoner/Global Tel-Link without prejudice for failure to timely serve process.  In the alternative, Judge Myers recommends that Mann's claims against Waggoner/Global Tel-Link should be dismissed without prejudice because they are misjoined with the remainder of this lawsuit.  Mann filed an objection to these recommendations.

After a *de novo* review of  the record in and the applicable law, the Court finds that Mann's claim against Waggoner/Global Tel-Link should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is barred by the statute of limitations.  Judge Myers' Report and Recommendation is adopted to the extent that this Court finds that dismissal of Mann's claims against Waggoner should be dismissed.

## DISCUSSION

Mann, who is currently in state custody having been imprisoned since August of 1993 for murder and armed robbery, filed this pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 on August 18, 2020.  His numerous claims primarily concern conditions of confinement at the South Mississippi Correctional Institution (SMCI). Among these claims is a solitary claim against "Waggenor/Global Tel-Link".  The claim alleges in two short sentences that:

> "Sam Waggenor[sic]/Global Tel-Link[,] phone contractor for MDOC[,] overcharged me and my friends and family for phone services[,] see <u>Hood vs. Epps</u> for references[.]  Global Tel-Link must be held liable for (2.5 million) [sic] in damages."  (Compl. at 4, ECF No. 1).[1]

On September 20, 2021, the Court directed the Clerk of Court to issue a Notice of Lawsuit and Request to Waive Service of a Summons to Waggoner, care of the attorney who represented Waggoner in his criminal case.  (Order, ECF No. 29). The attorney responded that he does not represent Waggoner in Mann's lawsuit and he does not know Waggoner's current address.  (Letter, ECF No. 33).  Thereafter, the Court entered an Order informing Mann that it is his responsibility to provide a correct address for Waggoner and giving him a November 10, 2021, deadline for providing this information to the Court.  (Order, ECF No. 34).  Mann responded, stating his belief that he is exempt from providing personal information concerning defendants because he is an inmate.  He also noted that he is pro se and is

---

[1] Unless stated otherwise, all citations are to cause no. 1:20CV267-LG-RPM.

proceeding in forma pauperis. He asked that Mississippi Attorney General Lynn Fitch be required to obtain and provide this information.

Following an Omnibus Hearing, the Court ordered Mann to provide an address for Waggoner by July 14, 2022. (Order, ECF No. 57). The Court also cautioned Mann that failure to provide Waggoner's address will result in dismissal of Waggoner from this lawsuit due to Mann's failure to prosecute. (*Id.*) On June 16, 2022, Mann mailed a letter to the Court providing two possible addresses for Waggoner: 154 Roosevelt Hudson Drive, Yazoo City, Mississippi 39194, and Federal Medical Center, Fort Worth, Texas, 76119. The United States Marshal was unable to serve Waggoner at either of these addresses. On September 29, 2022, the Court entered an Order to Show Cause requiring Mann to demonstrate why his claims against Waggoner should not be dismissed for failure to serve process. (Order, ECF No. 71). Mann responded to the Order but was unable to provide an address for Waggoner. (Resp., ECF No. 73).

Judge Myers entered the [83] Report and Recommendation proposing dismissal of Mann's claims against Waggoner on January 17, 2023, and Mann filed an [84] Objection on February 13, 2023. Mann states that he does not have access to a computer or phone at SMCI, so he is unable to locate Waggoner. The addresses he previously provided were obtained from Mrs. Luana Tilley-Denmark, the ILAP Director at SMCI. He claims that he needs for the Court to appoint him an attorney to assist him in finding and serving Waggoner. He also argues that his claims

against Waggoner are not misjoined under Fed. R. Civ. P. 20(b), because they arose out of the same series of transactions or occurrences.[2]

## DISCUSSION

The Court finds that it is not necessary to address the untimely service of process and possible misjoinder because Mann's claims against Waggoner/Global Tel-Link are clearly barred by the applicable statute of limitations. A district court may dismiss claims sua sponte under § 1915(e)(2) [3] where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (internal quotations marks omitted). The applicable statute of limitations for Mann's claim against Waggoner/Global Tel-Link is three years. *See* Miss. Code Ann. § 15-1-49; *see also Anderson v. LaVere*, 136 So. 3d 404, 411 (Miss. 2014) (holding that § 15-1-49 is the controlling statute of limitations for fraud, conversion, and unjust enrichment claims).

---

[2] Mann also objects to Attorney General Lynn Fitch's representation of several of the defendants to this lawsuit and the manner in which the MDOC is carrying out his sentence. He also accuses the Court of fraud and "hindering his prosecution" of his lawsuit. These arguments will not be addressed at this time because they are unrelated to the issues presented in Judge Myers' Report and Recommendation.

[3] **(e)(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

**(A)** the allegation of poverty is untrue; or

**(B)** the action or appeal--

**(i)** is frivolous or malicious;

**(ii)** fails to state a claim on which relief may be granted; or

**(iii)** seeks monetary relief against a defendant who is immune from such relief.

The Court takes judicial notice[4] of the following: On August 19, 2015, an Information was filed charging that Global Tel Link paid its consultant Sam Waggoner five percent of the revenue generated by the Mississippi Department of Corrections inmate telephone services contracts it had with the State of Mississippi. (Information, ECF No. 4, Cause No. 3:15cr69-HTW-FKB).  In turn, Waggoner paid kickbacks to former MDOC Commissioner Christopher B. Epps in order to reward Epps for the awarding and retention of contracts to Waggoner's employer, Global Tel Link.  (*Id.*)  Waggoner waived his right to prosecution by indictment and consented to prosecution by information.  (Waiver, ECF No. 9, Cause No. 3:15cr69-HTW-FKB).  He pled guilty to the charges in the Information on August 21, 2015. (Minute Entry, 08/21/2015, Cause No. 3:15cr69-HTW-FKB).  On January 19, 2017, Waggoner was sentenced to sixty months of imprisonment and two years of supervised release for bribing Epps in violation of 18 U.S.C. § 666(a)(2).  (J. at 2-3, ECF No. 27, Cause No. 3:15cr69-HTW-FKB).  Waggoner was ordered to self-report to prison on March 9, 2017, for the service of his sentence.  (*Id.*)  Sentence Monitoring Computation Data provided by the Bureau of Prisons reflects that he did in fact begin serving his sentence on that date.  (Attachments to Gov. Resp., ECF Nos. 37-1, 37-2, Cause No. 3:15cr69-HTW-FKB).  After serving part of his sentence at the Federal Medical Center in Fort Worth, Texas, Waggoner was

---

[4] *See Bauer v. Texas*, 341 F.3d 352, 362 n. 8 (5th Cir.2003) (taking judicial notice of public court records not in dispute); *Kinnett Dairies, Inc. v. Farrow*, 580 F.2d 1260, 1277 n. 33 (5th Cir.1978) (permitting judicial notice of a court's own records or those of the inferior courts).

transferred to home confinement on May 29, 2020. (Order, ECF No. 38, Cause No. 3:15cr69-HTW-FKB). He was released from the custody of the Bureau of Prisons and began serving his two-year term of supervised release on or about June 10, 2021. (*Id.*)

Waggoner was convicted of bribing an MDOC official on January 27, 2017, and he reported to prison on March 9, 2017, so at the very latest all of Waggoner's business deals concerning MDOC's inmate phone services ended on March 9, 2017. Mann's claims against Waggoner/Global Tel-Link therefore accrued on March 9, 2017, if not prior to that date, because Waggoner could not have caused Mann any damages while a federal inmate. Mann filed this lawsuit over three years after Waggoner began serving his prison sentence, on August 18, 2020. As a result, the Court finds that Mann's claims against Sam Waggoner/Global Tel Link should be dismissed with prejudice as barred by the statute of limitations pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE ORDERED AND ADJUDGED** that Kelly Mann's claim against "Sam Waggoner/Global Tel Link" is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the [83] Report and Recommendation entered by United States Magistrate Judge Robert P. Myers, Jr., is **ADOPTED** to the extent that it recommended dismissal of Mann's claim against Waggoner.

**SO ORDERED AND ADJUDGED** this the 16th day of February, 2023.

*s/ Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE