## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**KELLY MANN**                                                                 **PLAINTIFF**

**v.**                                                    **CAUSE NO. 1:20CV267-LG-RPM**

**PELICIA HALL, et al.**                                                       **DEFENDANTS**

### AMENDED ORDER ADOPTING REPORT AND
### RECOMMENDATIONS AND GRANTING DEFENDANTS'
### MOTIONS FOR SUMMARY JUDGMENT AND TO
### STRIKE PLAINTIFF'S DESIGNATION OF EXPERTS

**BEFORE THE COURT** is the [87] Report and Recommendation entered by
United States Magistrate Judge Robert P. Myers, Jr., who recommends that the
[77] Motion to Strike Plaintiff's Designation of Experts and the [78] Motion for
Summary Judgment filed by Defendants should be granted.  The Court granted
Plaintiff Kelly Mann's request for additional time to object to the Report and
Recommendation.  Since it initially appeared that Mann had not filed a timely
objection to the Report and Recommendation, the Court entered an [89] Order
Adopting the Report and Recommendation on September 12, 2023.  Two days later,
Mann's Objection, which facially appears to have been timely placed in the prison's
mailing system, was received by the Court.  The Court will therefore consider the
Objection.  The Court's prior [89] Order Adopting the Report and Recommendation
is amended pursuant to Fed. R. Civ. P. 60(a) as set forth below:

### BACKGROUND

Mann pled guilty to simple murder and armed robbery in 1993.  *Mann v.
State*, 167 So. 3d 279, 279-80 (Miss. Ct. App. 2015).  He was sentenced to life

imprisonment for the murder charge and to forty years' imprisonment for the armed robbery charge, with the sentences to run consecutively.  *Id.* at 280.  Mann unsuccessfully filed five motions for post-conviction relief in the state court.  *Id.*  He is serving his sentence at the South Mississippi Correctional Institution (SMCI).

On August 18, 2020, Mann filed this 42 U.S.C. § 1983 lawsuit against several defendants, attempting to assert conditions of confinement claims.  The Court dismissed several of Mann's claims on September 17, 2021.  (Order of Partial Dismissal, ECF NO. 28).  One additional claim was dismissed on February 16, 2023. (Order Adopting Report and Recommendation, ECF No. 85).  As Judge Myers noted in his [87] Report and Recommendation, the following claims remain:

> (1) SMCI is overcrowded and does not provide adequate social distancing to combat COVID-19; (2) the commissary overcharges Plaintiff; (3) Plaintiff is subjected to unconstitutional general conditions of confinement from black mold, outdated lighting, hazardous cleaning chemicals, contaminated water, lead paint, outdated sprinkling system, mercury leaks, and electromagnetic radiation from microwave ovens and flat screen TVs; (4) Plaintiff has been denied access to courts; and (5) Plaintiff's parole has been unconstitutionally set off by one year.

(R&R at 1, ECF No. 87).

Judge Myers conducted a screening hearing on June 13, 2022, where Mann gave testimony in support of his claims.  Defendants Betty Johnson, Laura Tilley, Pelicia Hall, Andrew Mills, Anthony L. Smith, Steven Pickett, James R. Cooper, Unknown Hartfield, Jewarski Mallette, Betty Lou Jones, Jennifer Roberts, Nehemiah Flowers, Jr., filed a [78] Motion for Summary Judgment and a [77] Motion to Strike Mann's Designation of Experts.

In his Report and Recommendation, Judge Myers recommended that both Motions should be granted.  He determined that Mann's overcrowding claim should be dismissed for failure to state a claim because Mann's general fear of becoming sick did not rise to the level of a constitutional claim.  (R&R at 3-4, ECF No. 87).  Since inmates do not have a constitutional right to purchase commissary items or that commissary items be available at low prices, Judge Myers further recommended dismissal of Mann's claim concerning commissary prices.  As for Mann's claim of exposure to hazardous conditions, including electromagnetic radiation, lead paint, mercury, and black mold, Judge Myers recommended dismissal because Mann's testimony concerning this claim did not establish deliberate indifference on the part of the prison officials, and Mann failed to provide evidence of anything more than de minimis injury and resorted only to speculation to support his claims.

Judge Myers found that Mann's denial of access to courts claim should be dismissed because Mann conceded he was able to go to the law library once a week and obtain caselaw from the Inmate Legal Assistance Program ("ILAP").  Mann did not explain how the law library staff's inability to locate the alleged case of "*Hood versus Epps*, decided January of 2019" prevented him from asserting his claims, aside from generally asserting crimes against prisoners.  Judge Myers further determined that Mann's claim that the ILAP prevented him from attending his parents' funerals was frivolous.  Finally, Judge Myers noted that Mann's claim

related to parole eligibility was "incoherent," and his designation of experts was deficient.

Mann objects, arguing: (1) Judge Myers declined to rule on objections to the undersigned's previous dismissal of some of his claims; (2) the Court denied him "a fair factfinding process" by failing to serve former President Donald Trump with his discovery requests; (3) the Court committed plain error by denying his Motion for Electronic Surveillance and his Motion to Appoint Counsel; (4) prison officials tampered with his legal mail, which made it impossible for him to prosecute his case; (5) the dismissal of his claims would only create a further manifest injustice because "SMCI prison officials are still committing crimes and they are not in compliance with [Miss. Code Ann. § 47-5-28(b)] or the color of state law." (Pl.'s Obj. at 2-3).

## DISCUSSION

When considering whether to adopt or reject a Report and Recommendation, the district court is required to conduct a de novo review "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Mann failed to specifically address any of Judge Myers' grounds for recommending dismissal, but, out of an abundance of caution, the Court has conducted a de novo review of the record.

Mann's first objection is not well taken because Judge Myers did not have authority to reverse the undersigned's prior dismissal of some of Mann's claims. *See generally* 29 U.S.C. § 636(a) (discussing the authority of the magistrate judge). As

for the second objection, Mann has not explained how responses to discovery requests he attempted to propound upon President Trump could have assisted him in demonstrating that his constitutional rights were violated by the conditions of confinement at SMCI.  Mann's argument concerning Judge Myers' denial of his [24] Motion to Appoint Counsel is not well taken because Judge Myers correctly determined that this case does not present "exceptional circumstances" warranting appointed counsel.  (Order, ECF No. 27).

Mann also complains about the denial of his [14] Motion to Subpoena Electronic Surveillance, in which he alleged that his fellow inmates were being assigned jobs that gave them access to alcohol (while filling dispensers with hand sanitizer) and gasoline (while utilizing a pressure washer).  He alleged these instances caused him to fear that he would be set on fire by another inmate.  Judge Myers denied the request for access to the surveillance without prejudice as premature.  (Order at 2, ECF No. 23).  Mann chose not to reassert the Motion at a later time, and there is no indication that the surveillance would have assisted Mann in prosecuting his claims.[1]

Mann's assertions of mail-tampering in his fourth objection are unclear.  He claims that a letter he sent to Judge Myers concerning his designation of experts

_____

[1] Mann appears to reference a June 21, 2022, letter he sent to Judge Myers wherein he accused prison officials of attempting to commit a terrorist attack by putting a poisonous snake in his unit.  (Letter, ECF No. 58).  He told Judge Myers that surveillance would provide support for his claims about the snake, and he requested transfer to another facility.  The alleged incident with the snake is not at issue in this lawsuit, and he has not alleged that he was injured by the snake.

was removed from the prison mail, but he directs the Court to the docket for a copy of this letter. The Court has located what appears to be a copy of this letter in the docket. (*See* Letter, ECF No. 68). As a result, it appears that the Court received the letter. Mann also claims that he was forced to send correspondence through "regular mail" and that two pieces of mail dated July 14, 2022, and August 4, 2022, have not been located. He cites an exhibit to his Objection, but he did not attach the exhibit. (Obj. at 3, ECF No. 91). Therefore, Mann has not explained how his claims of mail-tampering affected his ability to prosecute this lawsuit.

In Mann's last objection, he does not specify what crimes he is accusing prison officials of committing, aside from vague references to torture and human rights violations. He also does not explain how those alleged crimes pertain to his lawsuit.

After a thorough review of the record in this matter, the Court finds that Judge Myers correctly recommended dismissal of Mann's remaining claims for failure to state a claim. He also correctly determined that Mann's designation of experts was deficient.

## CONCLUSION

Mann does not address Judge Myers' proposed findings concerning his overcrowding claim, his commissary prices claim, his claims concerning alleged radiation, mold and other hazardous conditions, his claims concerning law library services, or his claims related to denial of parole. He also does not discuss Judge Myers' recommendation that his designation of experts should be stricken. The

Court has conducted a de novo review of the record and determined Defendants'
Motion for Summary Judgment and Motion to Strike Plaintiff's Designation of
Experts should be granted.

All the claims in Plaintiff's 42 U.S.C. § 1983 complaint are dismissed with
prejudice as frivolous or for failure to state a claim.  Therefore, the Court adopts
Judge Myers' recommendation that Plaintiff be assessed a strike.  *See Blakely v.
Wards*, 738 F.3d 607, 617 (4th Cir. 2013), *as amended* (Oct. 22, 2013) ("[I]f a
summary judgment dismissal explicitly deems the terminated action frivolous,
malicious, or failing to state a claim, then the summary judgment dismissal counts
as a strike for Section 1915(g) purposes.").

**IT IS THEREFORE ORDERED AND ADJUDGED** that [87] Report and
Recommendation entered by United States Magistrate Judge Robert P. Myers, Jr.,
is **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [77] Motion to
Strike Plaintiff's Designation of Experts and the [78] Motion for Summary
Judgment filed by Defendants are **GRANTED**.  Plaintiff's lawsuit is **DISMISSED
WITH PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff is assessed
a strike.  Since Plaintiff has previously accumulated two strikes, the dismissal of
Plaintiff's above-styled action is his third strike as contemplated by 28 U.S.C. §
1915(g), and he is barred from proceeding in forma pauperis in any future civil
action or appeal unless he is under imminent danger of serious physical injury.

**SO ORDERED AND ADJUDGED** this the 29th day of September, 2023.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE